**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | § | |
| **COMMISSION,** | § | |
| | § | **Civil Action No.** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ACCENTCARE, INC.** | § | **COMPLAINT AND** |
| | § | **JURY TRIAL DEMAND** |
| **Defendant.** | § | |
| _____ | § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Alisia Beasley who was adversely affected by such practices.   The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Accentcare, Inc. discriminated against Alisia Beasley in violation of the Americans with Disabilities Act, as amended, by terminating her because of her disability, bipolar disorder, and by refusing to grant her a reasonable accommodation.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

**COMPLAINT**                                                                                                          1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, as amended, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant, Accentcare, Inc., has continuously been doing business in the State of Texas and the City of Dallas, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, as amended, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant, Accentcare, Inc., has been a covered entity under Section 101(2) of the ADA, as amended, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCESS

7.      More than thirty days prior to the institution of this lawsuit Alisia Beasley filed a charge with the Commission alleging violations of Title I of the ADA, as amended, by Defendant.

**COMPLAINT**                                                                                              2

8.     On August 3, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Americans with Disabilities Act was violated and inviting defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant to provide defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On September 3, 2015, the Commission issued to Defendant a Notice of Conciliation Failure.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     At all relevant times, Alisia Beasley has been and is a qualified person with a disability and is covered by Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*.

14.      Since at least July 2013, Defendant, Accentcare, Inc., has engaged in an unlawful employment practice at its Dallas, Texas location, in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*.  The unlawful practice was to discriminate against Alisia Beasley by terminating her because of her disability, bipolar disorder, and by refusing to grant her a reasonable accommodation in violation of 42 U.S.C. § 12112(a), as amended.  Charging Party's disability results in bouts of severe depression, mood swings, impulsivity and manic episodes.

**COMPLAINT**                                                                                                3

15.     On July 8, 2013, Beasley notified Defendant that she has bipolar disorder.  She informed her supervisor that she needed to see her psychiatrist and that she was out of medication for her bipolar disorder.  On July 9, 2013, Beasley informed her supervisor that she had seen her psychiatrist who took her off for an indefinite period of time. On that same day, Beasley also e-mailed Defendant's Human Resources Manager, stating that she would be out of the office and that, as of that date, her doctor had not provided her with a return to work date. Beasley also asked what her options were regarding leave.  Later, Ms. Beasley told the company that she might be able to return to work as early as her July 12 doctor's appointment.

In discussions, the Human Resources Manager told Beasley that the company had not granted Personal Leave to employees within their first 90 days of employment.   On approximately July 10, 2013, the Human Resources Manager told Beasley that because she has been employed by Defendant for less than 90 days, Defendant would not grant her a personal leave of absence.

Less than 10 days after first informing the Defendant that she had bipolar disorder, Beasley's physician released her to return to work. Unfortunately, she had already been fired.

16.     The effect of the practice complained of in paragraphs 13-15 above has been to deprive Alisia Beasley of equal employment opportunities and to otherwise adversely affect his status as an applicant for employment because of her disability.

17.     The unlawful employment practices complained of in paragraphs 13-15 above were intentional.

18.     The unlawful employment practice complained of in paragraphs 13-15 above were done with malice or with reckless indifference to the federally protected rights of Alisia Beasley.

**COMPLAINT**                                                                                          4

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, Accentcare, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) terminating employees because of their disabilities; (2) refusing to grant a reasonable accommodations to the known physical or mental limitations of employees, and (3) engaging in any other employment practice which discriminates on the basis of disability;

B.      Order Defendant, Accentcare, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant, Accentcare, Inc., to make whole Alisia Beasley, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.      Order Defendant, Accentcare, Inc., to make whole Alisia Beasley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraphs 13-18 above, including, but not limited to job search expenses, in amounts to be determined at trial;

E.      Order Defendant, Accentcare, Inc., to make whole Alisia Beasley by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13-18 above, including, but not limited to, emotional pain,

**COMPLAINT**                                                                                          5

suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.     Order Defendant, Accentcare, Inc., to pay Alisia Beasley punitive damages for its malicious or reckless conduct, as described in paragraphs 13-18 above, in amounts to be determined at trial;

G.     Grant such further relief as the Court deems necessary and proper in the public interest; and

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Assistant General Counsel

GWENDOLYN REAMS
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

___/s/ Joel Clark_____
JOEL CLARK
Senior Trial Attorney
Texas Bar No. 24050425

**COMPLAINT**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)