IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:15-CV-3157-D |
| VS. | § § § | |
| ACCENTCARE INC., | § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court must decide whether to grant plaintiff Equal Employment Opportunity Commission ("EEOC") leave to file an amended complaint even though the deadline for filing motions for leave to amend has expired. For the following reasons, the court grants the EEOC's motion.

I

Because this case is the subject of a prior opinion, *EEOC v. AccentCare, Inc.,* 2017 WL 2691240 (N.D. Tex. June 21, 2017) (Fitzwater, J.) ("*AccentCare I*"), the court will recount only the background facts and procedural history that are necessary to understand the present decision.

The EEOC filed this lawsuit on September 29, 2015 under Title I of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that defendant AccentCare Inc. ("AccentCare") refused to reasonably accommodate Alisia Beasley's ("Beasley's") disability (Bipolar Disorder) and discriminated against her by terminating her

employment because of her disability. On February 16, 2016 the court entered a scheduling order that set February 29, 2016 as the deadline for a party to file a motion for leave to amend the pleadings. On September 13, 2016 AccentCare moved for summary judgment, which the court granted in part and denied in part on June 14, 2017.

On July 19, 2017 the EEOC filed the instant motion for leave to file an amended complaint. It seeks to amend ¶ 15, which alleges, in relevant part, that "Beasley informed her supervisor that she had seen her psychiatrist who took her off for an indefinite period of time." Compl. ¶ 15.[1] The EEOC seeks to clarify its use of the term "indefinite" to summarize Beasley's email communication. The court held in *AccentCare I* that, "[u]nless and until the EEOC amends its complaint to change this allegation, the EEOC may not contradict its judicial admission that Beasley informed her supervisor that she had seen her psychiatrist, who took her off for an indefinite period of time." *AccentCare I*, 2017 WL 2691240, at *4. The EEOC now seeks to amend ¶ 15 of the complaint to reflect that "Beasley informed Ms. Nelson that as a result of her medical condition, she would be out for an 'extended amount of time.'" P. Br., Ex. 1 at 4.[2] The EEOC contends that it is seeking to clarify factual information of which AccentCare had previous knowledge, and that it is not seeking to allege new facts or assert new claims. AccentCare opposes the motion,

---

[1]The EEOC also seeks to make other changes to the complaint, to which AccentCare does not object.

[2]The court is citing the record in this manner because the EEOC did not, as N.D. Tex. Civ. R. 7.1(i)(1) requires, include its supporting materials in an appendix.

contending that the EEOC has failed to explain the unreasonable delay in seeking to modify the scheduling order, and that AccentCare would be significantly prejudiced by the proposed amendment.

II

A

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.,* 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). To meet the good cause standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S & W Enters.,* 315 F.3d at 535. If the movant satisfies the requirements of Rule 16(b)(4), the court must then determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S & W Enters.,* 315 F.3d at 536; *Am. Tourmaline Fields,* 1998 WL 874825, at * 1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court

considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.,* 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd,* 679 F.3d 323 (5th Cir. 2012).

B

1

The court first considers the EEOC's explanation for failing to timely file a motion for leave to amend. The EEOC contends that it did not realize until the court filed its memorandum opinion and order in *AccentCare I* that use of the term "indefinite" to summarize Beasley's email communication in ¶ 15 of the complaint may have created confusion for the court and the defendant. The EEOC maintains that, before the court issued its decision in *AccentCare I*, the EEOC "relied on the liberal pleading standards of Rule 8(a)(2)" and "believed any uncertainty in the term 'indefinite' was addressed in [the] subsequent statements in paragraph 15 of the original complaint." P. Br. 4. AccentCare responds that the EEOC was aware of the implications of the term "indefinite" and of AccentCare's reliance on the term "indefinite." AccentCare also posits that the EEOC's belatedly seeking to modify the scheduling order does not concern a lack of prior awareness, but is, instead, based on the court's decision in *AccentCare I*, which sustained AccentCare's summary judgment objections, partially granted summary judgment, and recognized the EEOC's judicial admissions.

Although the court agrees that the EEOC was aware before the deadline for filing motions for leave to amend of AccentCare's reliance on the term "indefinite" in ¶ 15 of the

complaint, the EEOC has demonstrated that it only recently became aware of the implications of its use of the term "indefinite" to summarize Beasley's email communication. The EEOC only became aware through the court's decision in *AccentCare I*, which held that the EEOC was precluded from contradicting its judicial admission unless and until it amended its complaint to change this allegation. *See AccentCare I*, 2017 WL 2691240, at *4. Because the EEOC only became aware from *AccentCare I* of the potential consequences of its use of the term "indefinite" in ¶ 15, the court holds that the EEOC has provided a sufficient explanation for its failure to move for leave to amend by the court-ordered deadline.

2

The second factor the court considers is the importance of the amendment. The EEOC contends that it is important to amend ¶ 15 to ensure that the factual allegations are correct. The court agrees that the amendment is important.

The court recognizes that the EEOC was able to survive summary judgment on its reasonable accommodation claim despite the allegation in ¶ 15 that Beasley had informed her supervisor that her psychiatrist had taken her off for an indefinite period of time. AccentCare contended that there was no evidence to support the first element of the claim—that Beasley was a qualified individual with a disability—because the allegation that Beasley needed an indefinite leave of absence for the treatment of Bipolar Disorder rendered her unqualified to perform her job, since regular attendance at work is an essential job function. *AccentCare I,* 2017 WL 2691240, at *5. AccentCare also maintained that there was no evidence of the third element—failure to make a reasonable accommodation—because Beasley's request for

indefinite leave was not a reasonable accommodation. *Id*. at *6. The court nevertheless concluded that there were genuine issues of material fact concerning both elements.

> As for AccentCare's contentions that Beasley was not qualified because she needed an indefinite leave of absence, and that there is no evidence that Beasley was ever cleared to return to work, the EEOC has presented evidence that would enable a reasonable jury to find that, in Beasley's communications with AccentCare, she was actually requesting a few days of leave rather than indefinite leave, and that AccentCare terminated her employment before acting on her leave request.

*Id*. at *6 (citation omitted). And regarding the third element, the court held that "[a] reasonable jury could find . . . that AccentCare terminated Beasley's employment rather than reasonably accommodate her known limitations." *Id*. at *7.

Despite the fact that the EEOC was able to survive summary judgment as to the reasonable accommodation claim, unless the court grants the EEOC leave to amend, it will be saddled at trial with the judicial admission that Beasley informed her supervisor that she had seen her psychiatrist, who had taken her off for an *indefinite period* of time. This is so despite evidence in the record—as the EEOC's proposed amended complaint seeks to allege—that Beasley actually informed Kimberly Nelson ("Nelson") that she would be out for an *extended amount* of time. *See id*. at *2 (citing D. App. 53, 56). If leave to amend is granted, the admission in ¶ 15 of the complaint will be an evidentiary admission, but it will lose its binding force. *See id.* at *4 n.2 (citing *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 n.5 (5th Cir. 1983); *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 939 F. Supp. 533, 541 (N.D. Tex. 1996) (Fitzwater, J.)). The proposed amendment is therefore important.

3

Under the third factor, the court evaluates the potential prejudice in allowing the amendment.

AccentCare maintains that allowing the EEOC to amend ¶ 15 would prejudice it because discovery has already closed and the EEOC has been aware of AccentCare's reliance on the admission made in ¶ 15 for more than one year. AccentCare also posits that allowing the EEOC to amend its complaint would permit the EEOC to plead around the court's ruling on AccentCare's objections. The court concludes that AccentCare will not likely suffer prejudice because amended ¶ 15 does not allege any new facts.

As the court has pointed out above, there is already evidence in the summary judgment record that Beasley informed Nelson that she would be out for an extended amount of time. There is evidence that, in an email, Beasley told Nelson that, "[d]ue to medical conditions I will be out of office for an extended amount of time." *AccentCare I*, 2017 WL 2691240, at *2 (citing D. App. 53, 56). And there is proof that, in another email, Beasley informed Dena Besh that "[m]y doctor has taken me off work for an extended amount of time, he has not provided me with a return to work date." *Id.* at *2 (citing D. App. 56). AccentCare therefore is not prejudiced by the EEOC's amending its complaint to make an allegation that is supported by evidence that is already in the record.

4

The fourth factor considers the availability of a continuance to cure any prejudice. The trial of this case is currently set for the two-week docket of January 22, 2018. The court

can continue the trial, if necessary, to cure any prejudice caused by allowing the amendment to ¶ 15 of the complaint. This is so because no additional discovery appears to be necessary given the presence in the current record of supporting evidence for the EEOC's amended allegation. And any prejudice caused by the need for additional trial preparation time arising from allowing this amendment can be accommodated by a trial continuance.

5

Assessing the factors as a whole, the court holds that the EEOC has met the good cause standard for modifying the scheduling order. The EEOC has given a sufficient explanation for its failure to timely move for leave to amend, and the amendment it seeks is important. Moreover, the court is not persuaded that AccentCare will be prejudiced by the court's allowing the EEOC leave to amend, and the court can sufficiently address any prejudice by granting a trial continuance.

C

The court now decides under the Rule 15(a) standard whether leave to amend should be granted. *See S & W Enters.,* 315 F.3d at 536.

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

the opposing party, and futility of amendment. *Id.* (citing cases).

AccentCare does not argue that the proposed amendment is futile. And having considered the EEOC's motion under the standard of Rule 15(a)(2), the court concludes that it should be granted.

\* \* \*

For the foregoing reasons, the court grants the EEOC's July 19, 2017 motion for leave to file an amended complaint. The EEOC must file its amended complaint within seven days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

September 20, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE